UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL CAMACHO, JR.,

    Plaintiff,

v.                                      Case No:  8:25-cv-03355-JLB-NHA

THE SCHOOL BOARD OF
PINELLAS COUNTY, FLORIDA,

    Defendant.
_____/

## ORDER

This matter is before the Court on *pro se* Plaintiff Rafael Camacho, Jr.'s Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 10). Acting on behalf of his minor child, R.J.C., Plaintiff seeks a temporary restraining order ("TRO") against Defendant School Board of Pinellas County ("SBPC") enjoining it from requiring R.J.C.'s return to Forest Lakes Elementary School and directing it to place him at a different school. (*Id.* at 4). For the reasons set forth below, the Court concludes that Plaintiff's Motion is **DENIED in part**.

## JURISDICTION AND VENUE

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Doc. 9 at ¶¶ 1–2). The Middle District of Florida is the proper venue under 28 U.S.C. § 1391.

## BACKGROUND

Plaintiff alleges that R.J.C., a minor child who attended Forest Lakes Elementary, suffers from Lennox-Gastaut Syndrome, Autism Spectrum Disorder, and a seizure disorder. (Doc. 10 at 1; Doc. 10-1 at ¶ 4). As a result of the seizure disorder, Plaintiff alleges that R.J.C. is susceptible to injury. (Doc. 10 at 1–3). For instance, he alleges that prior seizures have resulted in head and dental trauma. (Doc. 10-1 at ¶ 6).

Defendant, which Plaintiff alleges was aware of R.J.C.'s medical needs and is responsible for supervision of Forest Lakes Elementary, failed to include a seizure-response plan, emergency operation procedures, or sensory regulation in R.J.C.'s Individualized Education Program ("IEP"). (Doc. 9 at ¶ 5; Doc. 10 at 1; Doc. 10-1 at ¶ 5). Despite Defendant verbally telling Plaintiff that R.J.C. had access to sensory supports, Plaintiff alleges that there is no supporting documentation. (Doc. 10 at 2). On November 24, 2025, Plaintiff removed R.J.C. from Forest Lakes Elementary. (Doc. 9 at ¶ 19; Doc. 10 at 5; Doc. 10-1 at ¶ 21).

Plaintiff's Motion requests that the Court issue a TRO enjoining Defendant from requiring R.J.C.'s return to Forest Lakes Elementary School, prohibiting Defendant from maintaining any educational placement for R.J.C. lacking documented seizure protocol, directing Defendant to transfer R.J.C. to San Jose Elementary School or a school that will implement appropriate safety protocols, and preserve the status quo by maintaining R.J.C.'s current removal from Forest Lakes

Elementary School. (Doc. 10 at 4). Plaintiff requests that the TRO be in effect for 14 days or until a hearing on the preliminary injunction. (*Id.* at 5).

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 provides that the Court may issue a temporary restraining order without notice to the adverse party only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court may grant a temporary restraining order if Plaintiff demonstrates: (1) a substantial likelihood of success on the merits; (2) a likelihood of suffering irreparable injury without the restraining order; (3) that the threatened injury to it outweighs the harm the restraining order would cause other litigants; and (4) that the restraining order would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

## DISCUSSION

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). A temporary restraining order is an "extraordinary remedy" to which the Court should "pay particular regard for the public consequences" of granting. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7,

3

24 (2008) (citation omitted); *Lumpkin v. Fla., Sixth Jud. Cir. Ct.*, No. 8:25-CV-436-TPB-CPT, 2025 WL 590121, at *1 (M.D. Fla. Feb. 24, 2025) ("A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances.") (citing Fed. R. Civ. P. 65(b)). Indeed, "the asserted irreparable injury must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citation and internal quotation marks omitted).

Here, Plaintiff contends that the irreparable harm that R.J.C. will suffer at Forest Lakes Elementary School is "risk of unprotected seizures," such as dental and head trauma as well as possible neurological injury. (Doc. 10 at 3). Because Plaintiff has withdrawn R.J.C. from Forest Lakes, however, this harm is neither actual nor imminent. Thus, Plaintiff has not shown that an immediate, irreparable injury would result before Defendant can be heard in opposition. Additionally, Plaintiff's Amended Motion is also procedurally deficient, failing to include a proposed order as required by M.D. Fla. Loc. R. 6.01.

After careful consideration, the Court finds that the extraordinary remedy of a TRO is not warranted in this case. Accordingly, Plaintiff's Motion is **DENIED in part** to the extent that it seeks a TRO. With respect to Plaintiff's request for preliminary injunction, the Court will schedule a hearing on the motion by separate order. In the event that the Court determines R.J.C.'s placement at Forest Lakes Elementary is inappropriate, the Court requests that Plaintiff provide alternative schools that Plaintiff agrees are appropriate, such as San Jose Elementary School.

4

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 10) is **DENIED in part**.

(2) The Court will set a hearing on Plaintiff's motion for preliminary injunction by separate order.

(3) The United States Marshal is **DIRECTED** to serve this Order on Defendant.

**ORDERED** in Tampa, Florida, on January 9, 2026.

*[Signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE