UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL CAMACHO, JR.,

      Plaintiff,

v.

                                        Case No:  8:25-cv-03355-JLB-NHA

THE SCHOOL BOARD OF
PINELLAS COUNTY, FLORIDA,

      Defendant.

_____/

## **ORDER**

Proceeding *pro se*, Plaintiff Rafael Camacho, Jr. filed a Complaint bringing several claims against Defendant School Board of Pinellas County ("SBPC") on behalf of his minor son, R.J.C, including: (I) a substantive due process violation pursuant to 42 U.S.C. § 1983; (II) a procedural due process violation pursuant to 42 U.S.C. § 1983; (III) a disability-based discrimination under Title II and Section 504;[1] (IV) a municipal liability claim pursuant to 42 U.S.C. § 1983; and (V) for injunctive and declaratory relief.  (Doc. 9).  The same day, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 10).  The Court declined to issue a temporary restraining order but reserved ruling on the motion for preliminary injunction (Doc. 15).

Before the Court now is SBPC's Response in Opposition to Plaintiff's Motion

---

[1] The Court construes Plaintiff's disability discrimination claim as a claim under Individuals with Disabilities Education Act ("IDEA").  (Doc. 16 at 1); *see Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 170–71 (2017) ("[T]he IDEA guarantees individually tailored educational services, while Title II and § 504 promise non-discriminatory access to public institutions.").

for Preliminary Injunction (Doc. 24) and Motion to Dismiss Plaintiff's Complaint (Doc. 25).  Defendant's Response and Motion to Dismiss challenge whether Plaintiff's Complaint is properly before this Court.  Accordingly, Plaintiff is **DIRECTED** to respond to Defendant's Motion to Dismiss on or before February 20, 2026.

As a preliminary matter, the Court reminds Plaintiff that he cannot bring claims on behalf of his minor child without an attorney.  (*See* Doc. 16 at 1–2); *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997) ("[P]arents who are not attorneys may not bring a pro se action on their child's behalf. . . ."), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007).  Though there is an exception allowing parents to represent a minor child *pro se* for IDEA claims, there is no such exception for Plaintiff's remaining claims.  (*See* Doc. 16 at 1–2) (citing *Winkelman*, 550 U.S. at 533).  Thus, Plaintiff must obtain counsel on or before April 10, 2026, to pursue Counts I, II, IV, and V.[2]  (*See id.*).

That said, upon careful review of the entire Complaint, the Court shares Defendant's concern that it lacks subject-matter jurisdiction over Plaintiff's claims. (*See* Doc. 25) (arguing that each of the claims is brought pursuant to IDEA and that

---

[2] The Court strongly encourages Plaintiff to consider consulting a private attorney or, if he cannot afford a private attorney's fees, a legal aid service, who might provide assistance for free.  One legal aid service, for example, is the Bay Area Volunteer Legal Services.  The Bay Area Volunteer Legal Services can be contacted at the following address: 1302 N. 19th St., Suite 400, Tampa, Florida 33605 and may be reached at (800) 625-2257.

Plaintiff has failed to exhaust administrative remedies before bringing such claims to the Court).  Indeed, the Amended Complaint does not allege exhaustion of administrative remedies.  (*See* Doc. 9).[3]

The crux of the Amended Complaint is the alleged insufficiency of Defendant's Individualized Education Plan ("IEP") for R.J.C. to prevent injury during seizures, putting R.J.C. at medical risk and depriving him of a meaningful education.  (*See generally id.*).  "[W]hen the gravamen of a complaint seeks redress for a school's failure to provide a [free appropriate public education], even if not phrased or framed in precisely that way," it requires exhaustion of the administrative remedies under IDEA.  *Fry*, 580 U.S. at 755.  "[A]ny other approach . . . would allow plaintiffs to evade the Act's restrictions through artful pleading."  *Id.* (citation omitted).

*—Rest of page intentionally left blank —*

---

[3] In layman's terms, certain federal claims cannot be brought in federal court until the claimant's issue/dispute is addressed at *all levels* of a governmental entity, like a public school board.

Accordingly, Plaintiff is **ORDERED** to respond to Defendant's Motion to Dismiss on or before February 20, 2026, addressing its argument on exhaustion of administrative remedies.  If Plaintiff cannot demonstrate that the exhaustion requirement has been met, the Court is inclined to dismiss the Complaint for lack of subject-matter jurisdiction.  Further, the Court recognizes that Plaintiff's Motion for Preliminary Injunction is currently pending and will reserve ruling on the motion until subject-matter jurisdiction is established.

**ORDERED** in Tampa, Florida, on February 6, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

4