UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAFAEL CAMACHO, JR.,

      Plaintiff,

v.                                                                          Case No:  8:25-cv-03355-JLB-NHA

THE SCHOOL BOARD OF
PINELLAS COUNTY, FLORIDA,

      Defendant.

                                     /

## ORDER

This matter is before the Court on Defendant School Board of Pinellas

County's ("SBPC") Motion to Dismiss *pro se* Plaintiff Rafael Camacho, Jr.'s

Amended Complaint.  (Docs. 9, 25).  Acting on behalf of his minor child, R.J.C.,

Plaintiff filed the instant Amended Complaint essentially seeking redress for an

allegedly inadequate Individualized Education Program ("IEP") for his seizure-

prone child.  After careful review of the Amended Complaint, the parties' briefing,

and the entire record, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 25).

## BACKGROUND

Plaintiff alleges that R.J.C., a minor child who attended Forest Lakes

Elementary in Defendant's district, suffers from Lennox-Gastaut Syndrome, Autism

Spectrum Disorder, and a seizure disorder.  (Doc. 9 at ¶ 4).  As a result of the

seizure disorder, Plaintiff alleges that R.J.C. is susceptible to injury.  (*Id.* at ¶ 6).

Specifically, he alleges that prior seizures have resulted in head and dental trauma.

(Doc. 9-1 at 2).

Defendant, which Plaintiff alleges was aware of R.J.C.'s medical needs and is responsible for supervision of Forest Lakes Elementary, failed to include a seizure-response plan, emergency operation procedures, or sensory regulation in R.J.C.'s Individualized Education Program ("IEP"), despite being aware of these safety concerns.  (Doc. 9 at ¶¶ 5, 7–8, 12, 14).  Though Defendant told Plaintiff that R.J.C. had access to sensory supports, such as a weighted vest, Plaintiff alleges that there is no supporting documentation.  (*Id.* at ¶¶ 12–13).  Further, Plaintiff alleges that Defendant created an IEP amendment addressing R.J.C.'s seizures and injuries at school but failed to provide a copy of that amendment to Plaintiff, thereby depriving Plaintiff of meaningful participation.  (*Id.* at ¶¶ 9–11).

Plaintiff alleges that, as of August 11, 2025, R.J.C. was effectively excluded from meaningful instruction for about 16 weeks because Defendant did not allow R.J.C. to engage in "core instructional platforms," instead having R.J.C. do "non-instructional digital activities."  (*Id.* at ¶¶ 15–18).

On November 24, 2025, Plaintiff withdrew R.J.C. from Forest Lakes Elementary to prevent any potential physical harm from the alleged lack of safety protocol.  (*Id.* at ¶ 19).

Plaintiff filed an Amended Complaint (*Id.*) and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 10).  Plaintiff later filed a second Motion for Preliminary Injunction (Doc. 34).  The Motion for Temporary Restraining Order and Preliminary Injunction seeks to enjoin Defendant from requiring R.J.C.'s return to Forest Lakes Elementary School and directing it to

place him at a different school.  (Doc. 10 at 4).  The Court denied the Motion to the extent that it sought a temporary restraining order because Plaintiff could not demonstrate irreparable harm when R.J.C. was no longer enrolled at Forest Lakes but reserved ruling on the preliminary injunction.  (Doc. 15 at 4) (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("[T]he asserted irreparable injury must be neither remote nor speculative, but actual and imminent.") (citation and internal quotation marks omitted)).  Plaintiff's later-filed Motion for Preliminary Injunction likewise alleges imminent harm and seeks to enjoin Defendant from requiring R.J.C.'s attendance at Forest Lakes without appropriate safety procedures in place.  (Doc. 34 at 1).

The Amended Complaint brings a total of five claims, including claims for substantive and procedural due process violations under 42 U.S.C. § 1983, a disability discrimination claim under Section 504 of the Rehabilitation Act of 1973 and Title II, a claim for municipal liability under § 1983, and a claim for injunctive and declaratory relief.  (Doc. 9 at 3–4).

Defendant filed a Motion to Dismiss the Amended Complaint for lack of subject-matter jurisdiction, arguing that Plaintiff lacks standing for injunctive and declaratory relief and that Plaintiff's claims require exhaustion of administrative remedies under the Individuals with Disabilities Education Act ("IDEA").  (Doc. 25). Upon review of the Motion to Dismiss, the Court directed Plaintiff to respond.  (Doc. 32).  In doing so, the Court expressed concern that it lacks subject-matter

3

jurisdiction over Plaintiff's claims for lack of exhaustion of administrative remedies. (*Id.* at 2–3).  Plaintiff responded (Doc. 33).

## LEGAL STANDARD

To avoid dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).  Thus, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

The Court first turns to Plaintiff's claim for injunctive and declaratory relief. Specifically, Plaintiff "seeks prospective relief to prevent ongoing and future harm" and further seeks to enjoin Defendant "from continuing policies and practices" that "create a foreseeable risk of serious bodily harm to [R.J.C.]."  (Doc. 9 at 5).

"[A] prayer for injunctive and declaratory relief requires an assessment . . . of whether the plaintiff has sufficiently shown a real and ***immediate*** threat of future

4

harm." *Elend v. Basham*, 471 F.3d 1199, 1207 (11th Cir. 2006) (emphasis added).

"[A] 'perhaps or maybe chance' of an injury occurring is not enough for standing."

*Id.* (quoting *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1340 (11th Cir.

2000)).  Here, Plaintiff concedes that R.J.C. is no longer enrolled in Forest Lakes.

(Doc. 9 at ¶ 19).  Thus, the Amended Complaint is **DISMISSED** to the extent that

Plaintiff seeks declaratory and injunctive relief.  *See Malowney v. Fed. Collection

Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999) (holding that plaintiff's claims

for declaratory judgment were insufficient because they were "too speculative" and

not "real and immediate" and "[t]he remote possibility that a future injury may

happen is not sufficient to satisfy the 'actual controversy' requirement for

declaratory judgments.'" (quoting *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir.

1985)); *A.L. ex rel. C.L. v. Sch. Bd. of Miami-Dade Cnty., Fla.*, No. 10-24415-CIV,

2014 WL 12857913, at *39 (S.D. Fla. Jan. 6, 2014) (finding plaintiff's claim was

moot where the student's parents withdrew the child from school but alleged that

the student "would return to Defendant schools if an appropriate educational

program were to be offered.") (citing *Carter v. Orleans Par. Pub. Schs.*, 725 F.2d

261, 263 (5th Cir. 1984) (holding that the district court properly dismissed plaintiff's

claim for injunctive relief as moot where the parents withdrew the student from the

school)).

The Court next turns to Plaintiff's remaining claims.  The crux of the

Amended Complaint is that Defendant provided an insufficient IEP for R.J.C. to

prevent injury during seizures, putting R.J.C. at medical risk and depriving him of

a meaningful education.  (*See generally* Doc. 9).  For instance, Plaintiff brings a procedural due process claim under § 1983, yet the claim alleges that "Defendant's actions rendered IDEA procedural safeguards illusory and constitutionally inadequate."  (*Id.* at ¶¶ 24–25).

 "[W]hen the gravamen of a complaint seeks redress for a school's failure to provide a [free appropriate public education], even if not phrased or framed in precisely that way," it requires exhaustion of the administrative remedies under IDEA.  *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 170 (2017).  "[A]ny other approach . . . would allow plaintiffs to evade the Act's restrictions through artful pleading."  *Id.* (citation and internal quotation marks omitted); *J.P. v. Cherokee Cnty. Bd. of Educ.*, 218 F. App'x 911, 913 (11th Cir. 2007) ("Consistent with the unambiguous statutory language, which provides that '***any matter relating to*** the identification, evaluation, or educational placement of the child, or the provision of a [free appropriate public education] to such child,' . . . we have interpreted the IDEA's exhaustion requirement as applying to a 'broad' spectrum of claims." (citing 20 U.S.C. § 1415(b)(6)); *K.A. ex rel. F.A. v. Fulton Cnty. Sch. Dist.*, 741 F.3d 1195, 1210 (11th Cir. 2013) ("[S]ection 1983 actions for denial of rights conferred by the IDEA are barred because the IDEA's comprehensive enforcement scheme provides the sole remedy for statutory violations.").

IDEA provides:

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with

disabilities, **except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted** to the same extent as would be required had the action been brought under this subchapter.

20 U.S.C. § 1415(l) (emphasis added).   Subsection 1415(f) allows the "opportunity for an impartial due process hearing" once a complaint is received and subsection 1415(g) provides that "any party aggrieved by the findings and decision rendered in [the subsection (f)] hearing may appeal such findings and decision to the State educational agency."

It is undisputed that Plaintiff filed a complaint with the Bureau of Exceptional Education and Student Services (BEESS) and received a final agency decision.  (Doc. 33-1 at 28-29; Doc. 25 at 7–8).  But, as explained above, that is not the end of the road.  Plaintiff does not allege in the Amended Complaint that he requested a due process hearing in accordance with § 1415(f) or that, following such hearing, he appealed the findings as required by § 1415(g).  (*See generally* Docs. 9).  Though the Court gave Plaintiff an opportunity to respond to Defendant's exhaustion argument (Doc. 32), Plaintiff relied only on the decision of BEESS to say that his administrative remedies are exhausted and did not allege that he requested a hearing under § 1415(f) or appealed the findings under § 1415(g).  (*See generally* Doc. 33).

Because Plaintiff's claims arise under IDEA, which requires exhaustion of administrative remedies prior to bringing an action in court, this Court lacks subject-matter jurisdiction over Plaintiff's Amended Complaint.  *See Cherokee*

*Cnty. Bd. of Educ.*, 218 F. App'x at 913 ("***Once the administrative proceedings are complete***, the IDEA provides that either party may challenge those proceedings in state or federal court.") (emphasis added). As a result, the Court **DENIES as moot** Plaintiff's motions for preliminary injunction (Doc. 10; Doc. 34).

## CONCLUSION

Accordingly, it is **ORDERED**:

(1)    Defendant's Motion to Dismiss (Doc. 25) is **GRANTED**.

(2)    Plaintiff's Amended Complaint (Doc. 9) is **DISMISSED without prejudice**.

(3)    Plaintiff's Motions for Preliminary Injunction (Doc. 10; Doc. 34) are **DENIED as moot**.

(4)    The Clerk of Court is **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**ORDERED** in Tampa, Florida, on March 11, 2026.

_____

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

8